FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AKUMAGWULA UGBOAKU UGORJI, | No. 14-70429 |
| Petitioner, | Agency No. A089-875-682 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2015[**]

Before:     McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Akumagwula Ugboaku Ugorji, a native and citizen of Nigeria, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's ("IJ") denial of her application for adjustment of

status.  We have jurisdiction under 8 U.S.C. § 1252.  We review de novo questions

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of law. *Oropeza-Wong v. Gonzales*, 406 F.3d 1135, 1141 (9th Cir. 2005). We deny the petition for review.

The agency applied the correct legal standard in evaluating whether Ugorji's marriage was valid at its inception, *see Bark v. INS*, 511 F.2d 1200, 1202 (9th Cir. 1975), and the record demonstrates that the IJ conducted a thorough review of the evidence in determining whether the couple intended to establish a life together at the time they were married. Nor did the IJ err by inquiring into Ugorji and her husband's actions after the marriage, because such actions may "bear on the subjective intent of the parties at the time they were married." *See Oropeza-Wong*, 406 F.3d at 1148.

We find unavailing Ugorji's contention that the agency's finding that she failed to carry her burden in seeking to adjust status based on her marriage to a United States citizen, *see* 8 U.S.C. § 1229a(c)(4), was precluded by the agency's finding that the Department of Homeland Security did not carry its burden of establishing her removability based on a fraudulent marriage, 8 U.S.C. §§ 1227(a)(1)(A), 1229a(c)(3)(A).

**PETITION FOR REVIEW DENIED.**